UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CRESCENT BANK & TRUST**         **CIVIL ACTION NO. 21-3961**

**VERSUS**                                            **JUDGE SUMMERHAYS**

**CADLE CO. II, INC., ET AL.**         **MAGISTRATE JUDGE WHITEHURST**

### RULING AND ORDER

Pending before the undersigned magistrate judge is the Notice of Related Proceedings and Request for Consolidation [Doc. 2] filed by Crescent Bank & Trust, which seeks to consolidate the instant matter with two cases assigned to Judge Robert R. Summerhays.[1] The request for consolidation is opposed by plaintiffs Lucy G. Sykes, Chapter 7 Trustee, and The Cadle Company, II, Inc. [Doc. 4]. For the following reasons, the motion is DENIED.

Rule 42 allows courts to consolidate actions that have common questions of law or fact. The plaintiffs object to the motion to consolidate, arguing that Cadle is not a party to each of the cases sought to be consolidated, and therefore,

---

[1] The two cases pending before Judge Summerhays are: *The Cadle Company, II, LLC, et al. v. Crescent Bank & Trust, et.al*, Civil Action No. 21-1013, and *The Cade Company, II, Inc., et al. v. Crescent Bank & Trust, et al.*, Civil Action No. 21-1014.

consolidation would not serve to effectively resolve the cases. A nonexhaustive list of factors courts consider when deciding a motion to consolidate includes: (1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately. *See Russo v. Alamosa Holdings, Inc.*, 2004 WL 579378, at *1 (N.D. Tex. 2004) (Cummings, J.) (citing authorities). *Ashford Hosp. Prime Inc. v. Sessa Cap. (Master) LP*, 2017 WL 2955366 at *11 (N.D. Tex. Feb. 17, 2017).

In the instant case, the undersigned agrees that, because Cadle is not a party to all of the actions sought to be consolidated, consolidation is not appropriate. All three cases do not involve common issues of law or fact, and consolidation risks the possibility of prejudice or confusion. Finally, consolidation will not conserve judicial resources and increase judicial efficiencies.

Considering the foregoing, the Notice of Related Proceedings and Request for Consolidation [Doc. 2] is DENIED.

2

**THUS DONE AND SIGNED** this 13th day of December, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE