UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CRESCENT BANK & TRUST** | **CIVIL DOCKET NO. 6:21-CV-03961** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **THE CADLE COMPANY II, INC., ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING

Before the Court is Crescent Bank & Trust's ("Crescent") MOTION FOR LEAVE TO APPEAL (the "Motion") [Doc. 1].[1] For the reasons set forth below, the Motion is DENIED, and the appeal is DISMISSED. This matter is REMANDED to the Bankruptcy Court for further proceedings.

### I.   Factual and Procedural Background[2]

On October 10, 2017, Linder Oil Company ("Linder") filed for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code with Lucy G. Sikes as the Trustee ("Trustee").[3] Prior to its bankruptcy filing, one of Linder's primary creditors

---

[1] At the hearing with oral argument on February 14, 2022, this Court granted the TRUSTEE'S MOTION FOR RECONSIDERATION AND RESPONSE TO CRESCENT BANK & TRUST'S MOTION FOR LEAVE TO APPEAL [Doc. 7] and took the MOTION FOR LEAVE TO APPEAL [Doc. 1] under advisement. *See* the MINUTES OF COURT [Doc. 46].

[2] *See also* Memorandum Opinion of the United States Bankruptcy Court for the Western District of Louisiana, Case No. 17-51323 (Lead), [Doc. 206] ("hereafter referred to as "Bank. Doc. No."), [Doc. 10-1 pp. 2-9], wherein the Bankruptcy Judge sets forth the background of this case taking the facts from the Complaint or from judicially noticed facts. As noted, because the ruling largely concerned a Motion to Dismiss, the Bankruptcy Judge assumed therein "that all the allegations were true (even if doubtful in fact)," *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

[3] The adversary proceeding, No. 19-5105, is filed *In re Linder Oil Company, A Partnership*, United States Bankruptcy Court for the Western District of Louisiana (Bankruptcy Case No. 17-51323).

was the now-defunct First NBC Bank ("First NBC"), which was put into FDIC receivership on April 28, 2017.  After reviewing the relevant records, the Trustee found alleged preferential and/or fraudulent payments divesting First NBC of certain proceeds attributable to Linder's oil well production.  In a series of transactions with the FDIC as Receiver for First NBC ("FDIC-R"), Cadle Company ("Cadle") bought the rights to pursue those proceeds on behalf of First NBC.[4]

The Trustee and Cadle filed the underlying adversary proceeding on October 9, 2019, against Crescent and other parties claiming that these parties made or received the alleged preferential and/or fraudulent payments.[5]  Cadle also pursued related actions in other courts, including federal court in the Eastern District of Louisiana. As set forth in the original complaint in the underlying adversary proceeding, Cadle's claims against Crescent are for conversion in tort under Louisiana law and for unjust enrichment – a quasi-contractual claim under Louisiana Civil Code Art. 2298. The Trustee's claim is for recovery against a transferee under the Bankruptcy Code, *i.e.*, 11 U.S.C.§ 550.

---

[4] The Louisiana Office of Financial Institutions closed First NBC on April 28, 2017, and the FDIC was appointed Receiver.  On September 28, 2017, the FDIC-R sold to Cadle all the notes, mortgages, guaranties, and related loan agreements between and among Linder, First NBC, Reserves Management, LLC and Destin Resources, LLC. (Destin and Reserves are the owners of oil and gas wells that Linder operated and are related to Linder Oil through common ownership.).

[5] Cadle claims, generally, that Consolidated Reserves Company ("Consolidated") received insider payments from Linder and then used those insider payments to "pay down a $6 million loan." Cadle contends that Crescent then received these allegedly preferential payments because of a personal relationship between the president of Crescent and a shareholder of Linder.

2

In January of 2020, Crescent filed a MOTION TO DISMISS [Bank. Doc. 41] and a MOTION FOR ABSTENTION [Bank. Doc. 43], arguing that the Bankruptcy Court should abstain from hearing Cadle's state law claims because the claims emanated from Cadle's status as successor-in-interest to First NBC, and thus were unrelated to the Trustee's claims arising under the Bankruptcy Code. The Bankruptcy Court granted the Motion for Abstention as to Cadle's state law claims. [Bank. Doc. 71]. Cadle then filed the same claims in the Eastern District of Louisiana, which was subsequently consolidated with two other suits then pending in that court. On September 8, 2020, Cadle's claims in the Eastern District were dismissed with prejudice. *See Cadle Company II, Inc. v. Crescent Bank &Trust, et al*, Civil Action No. 2:20-cv-01260 (E.D. La. 2020). [Doc. 76].[6]

On June 18, 2021, in the adversary proceeding underlying this Motion, Crescent filed a MOTION TO DISMISS [Bank. Doc. 165] and a MOTION FOR PARTIAL SUMMARY JUDGMENT [Bank. Doc. 162] as to the remaining claims arising under the Bankruptcy Code.[7] The Motion to Dismiss raised two grounds for dismissal of Crescent: (i) res judicata (arguing that the Complaint in the Eastern District of Louisiana is identical to the Amended Complaint in the adversary proceeding and

---

[6] The Eastern District dismissed the unjust enrichment claim with prejudice on the ground that such a claim could be pursued under Louisiana law only if no other remedy is available, noting that Cadle was already pursuing the conversion claim. The Eastern District converted the Motion to Dismiss as to the conversion claim to a Motion for Summary Judgment and ordered Cadle to file an explanation and evidence that the conversion claim had not prescribed on its face. Cadle filed and then withdrew its response "[a]fter further review of the facts of the case and applicable law." [Doc. 10-1 p 6,7].

[7] As noted above, Crescent had previously asserted these claims were unrelated to the state law tort claims because the state law claims emanated from Cadle as successor-in-interest to First NBC.

thus the dismissal of the Eastern District action should bar this action); and (ii) a lack of standing by the Trustee under Article III of the Constitution. The Motion for Partial Summary Judgment, in turn, alleged that to the extent the Trustee's 11 U.S.C. § 550 claims are based on alleged fraudulent conveyances under 11 U.S.C. § 548 of the Bankruptcy Code and the Louisiana Revocatory Action under La. Civ. Code Art. 2041,[8] parts of such claims are prescribed.

The Bankruptcy Judge denied Crescent's contention that the Trustee's claims should be dismissed on res judicata grounds, finding Crescent judicially estopped from taking a position contrary to arguments it raised in connection with its earlier Motion for Abstention and likewise rejected the standing argument. Regarding Crescent's Partial Motion for Summary Judgment, the Bankruptcy Judge granted it as to: (i) any claims arising under § 548(a) for transfers occurring more than two years prior to the bankruptcy petition; and (ii) as to any claims under the Louisiana Revocatory Action for transactions occurring prior to August 1, 2010. Otherwise, the Bankruptcy Judge denied the motion. [Bank. Doc. No. 206, Doc. No. 10-1].

Crescent seeks leave to appeal the Bankruptcy Court's Order [Bank. Doc. No. 207]: (i) denying Crescent's Motion to Dismiss based on res judicata by holding that Crescent was judicially estopped from taking a position contrary to its position in its Motion for Abstention; and (ii) denying in part Crescent's Motion for Partial

---

[8] La. Civ. Code Art. 2041 was amended in 2013 to provide a fraud exception to the three-year prescriptive period for revocatory actions under Louisiana law. Before the 2013 amendment, there was no exception for fraud. The article was amended again in 2021 to remove the fraud exception.

Summary Judgment based on its ruling permitting the potential for recovery of transfers that occurred between August 1, 2010, and August 1, 2013.

**II.     Standard for Granting Leave to Appeal**

Pursuant to 28 U.S.C. § 158, "[t]he district courts of the United States shall have jurisdiction to hear appeals ... with leave of the court, from other interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158. "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Conner,* 258 F.3d 392, 399–400 (5th Cir. 2001).

While the Fifth Circuit has not established a hard and fast rule for determining whether to grant leave to appeal an interlocutory order from a bankruptcy court, district courts in the Fifth Circuit have relied on the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from district court orders. *In re Cent. La. Grain Co-op., Inc.*, 489 B.R. 403, 408 (W.D. La. 2013); *see* also *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991)[9]

The § 1292(b) standard requires that: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Ichinose*, 946 F.2d at 1177. All three grounds in § 1292(b) must exist in order for the Court to consider and grant an interlocutory appeal.

---

[9]     While expressly declining to decide whether the Section 1292(b) factors apply to a motion for leave to appeal brought pursuant to Section 158(a), the Fifth Circuit set forth the standard noting that a majority of district courts have applied the § 1292(b) test.

"Interlocutory appeals are generally not favored because they interfere with the overriding goal of the bankruptcy system: expeditious resolution of pressing economic difficulties." *In re Cent. La. Grain Co-op., Inc.*, 489 B.R. at 408 (W.D.La.2013). Thus, in accordance with the legislative history of § 1292(b), "interlocutory appeals should be granted only in exceptional situations where allowing such an appeal would avoid protracted and expensive litigation." *Id*. *In re Turner*, 1996 WL 162110, *1 (E.D. La.) (citing *Clark–Dietz & Assoc. v. Basic Construction*, 702 F.2d 67, 69 (5th Cir.1983)). Specifically, "[t]he party seeking interlocutory review has the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after final judgment." *In re Delta Produce*, 2013 WL 3305537, at *2 (W.D. Tex. June 28, 2013).

A controlling question of law as to which there is substantial ground for difference of opinion "must arise out of genuine doubt as to whether the Bankruptcy Court applied the correct legal standard." "[I]t is not sufficient that the relevant case law is less than clear or allegedly not in accord." *In re Enron Corporation*, 2006 WL 2548592, at *4 (S.D. N.Y. Sept. 5, 2006). "[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 724 (N.D. TX. 2006). Rather, substantial ground for difference of opinion exists if "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if

6

complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *In re Cent. La. Grain Co-op.*, 489 B.R. at 412 (citing *In re Hallwood Energy*, 2013 WL 524418, (N.D. Tex. Feb.11, 2013)).

### III. Discussion

Here, Crescent argues that this Court should grant an interlocutory appeal because there is a controlling question of law as to which there is substantial ground for difference of opinion – alleging that the Bankruptcy Court: (i) abused its discretion in applying the principle of judicial estoppel to deny Crescent's res judicata motion by ignoring controlling Fifth Circuit and United States Supreme Court precedent; and (ii) failed to follow a state court appellate decision and a bankruptcy decision[10] considering the issue of whether the 2013 amendment to La. Civ. Code Art. 2041 should apply prospectively or retroactively. Crescent further argues that an immediate appeal would materially advance the ultimate termination of the litigation because: (i) if Crescent is successful in its res judicata arguments, the entirety of the underlying adversary proceeding must be dismissed; and (ii) if the 2013 amendment to La. Civil Code Art. 2041 is applied prospectively (as opposed to retroactively), three years of alleged preferential/fraudulent transactions would not have to be litigated.

The Court has carefully considered the written record, the oral arguments of counsel, and the applicable law and finds that Crescent fails to meet its burden of

---

[10] *In re Robinson*, 541 B.R. 396, 402 (E.D. La. 2015), *Holland v. Holland*, 2017-231, 2017 WL 5067417 (La. App. 3 Cir. Nov. 2, 2017) interpreting *Chance v. American Honda Motor Co., Inc.*, 635 So.2d 177, (La. 4/11/94). *See also Cotter v. Gwynn*, 2016 WL 4479510, at 12, n. 102 (E.D. La. Aug. 25, 2016).

persuading the Court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after final judgment is entered on the issues it seeks to appeal. Specifically, the Court finds that Crescent fails to meet the factors set forth in 28 U.S.C. § 1292(b).

With regard to the second element of § 1292(b) – whether there is a "substantial ground for difference of opinion" as to the issue on appeal – the Court finds that Crescent fails to cast genuine doubt on whether the Bankruptcy Court applied the correct legal standard as to either the issue of judicial estoppel or the issue of the retroactivity of Civil Code Art. 2041. Likewise, as to the third element of § 1292(b), *i.e.*, whether an immediate appeal would materially advance the ultimate termination of the litigation, this Court finds that neither of the issues that Crescent seeks to appeal are dispositive to the litigation. The res judicata issue pertains only to whether Crescent is barred by the doctrine of judicial estoppel from asserting a res judicata argument. It does not address the issue of res judicata itself.[11] Similarly, the retroactivity issue only affects three years of transactions and will have, at most, a relatively minor effect on the extent of discovery and related motion practice in the underlying proceeding.

---

[11] Even if this Court were to agree that the Bankruptcy Court failed to properly apply the principles of judicial estoppel, it would merely result in a remand to the Bankruptcy Court to decide whether the principle of res judicata applies under the facts presented. Regardless of how that issue is decided, the parties would likely again seek this Court's review of the Bankruptcy Court's determination. This is exactly the kind of piecemeal appellate review that the Fifth Circuit standard seeks to avoid. *Ichinose,* 946 F.2d at 1177, *Clark–Dietz & Assoc. v. Basic Construction,* 702 F.2d 67, 69 (5th Cir. 1983).

Because Crescent cannot show at least two of the three considerations set forth in 28 U.S.C. § 1292(b), the more efficient course of action is to remand this matter to the Bankruptcy Court to adjudicate the remainder of the adversary proceeding. Should any party then determine it to be in its best interest to appeal, this Court will have the entirety of the record and any appealable matters will be preserved and ripe for review.

### IV. Conclusion

Therefore, for the reasons stated herein, Crescent's MOTION FOR LEAVE TO APPEAL the Bankruptcy Court's October 27, 2021, Order [Doc. 1] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 24th day of February 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE